**PUBLIC WATER SUPPLY DISTRICT NO. 8 OF JEFFERSON COUNTY, Respondent,**

v.

**MARYLAND CASUALTY COMPANY, Appellant,**

and

**L. C. R. Contractors, Inc., Respondent.**

No. 58050.

Supreme Court of Missouri, Division No. 2.

Sept. 9, 1974.

Jeremiah Nixon, Thurman, Nixon, Smith, Howald, Weber & Bowles, Hillsboro, for Public Water Supply Dist. No. 8 of Jefferson County.

Joseph H. Mueller, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, for Md. Cas. Co.

STOCKARD, Commissioner.

L.C.R. Contractors, Inc. entered into a contract with Public Water Supply District No. 8 of Jefferson County to install a water distribution system. Maryland Casualty Company was surety for the contractor, and the performance bond was in the amount of $122,949.51. The contractor defaulted. Maryland Casualty paid a judgment in favor of Sidner Supply Company, who had furnished material to the contractor, in the amount of $17,656.79. As the result of litigation between the Water District and Maryland Casualty, this court handed down an opinion, after modifying a

previous opinion, in which it ruled: "Accordingly, the judgment of the trial court is reversed and the cause remanded with directions to enter judgment in favor of the water district and against the surety for $105,292.72, being the full amount of the bond less the amount of the Sidner Supply Company judgment." Public Water Supply District No. 8 of Jefferson County v. Maryland Casualty Company, 478 S.W.2d 293 (Mo.1972). The mandate provided that judgment of the trial court was reversed, and that "said cause be remanded to said Circuit Court of Jefferson County for further proceedings to be had therein, in conformity with the opinion of this court herein delivered."

In the motion for rehearing filed by Maryland Casualty in the previous appeal, it was alleged that "The Court erred in ruling that Maryland Casualty Company was liable to the water district for the full amount of the bond because, in addition to the judgment obtained by Sidner Supply Company, in the sum of $17,656.79, which judgment has been satisfied, subsequent to this action, two plaintiffs, Edward Rau and Municipal Suppliers, Inc., who performed work and furnished materials on this job obtained judgments against the contractor and surety, in the Circuit Court of Jefferson County, in the sums of $2,803.69 and $2,137.79 respectively in cases Nos. 41379 and 40670 of said Court. That both judgments have been satisfied as shown by the Court Records." It was after this motion was filed that the opinion was modified to give credit for the Sidner judgment, but no credit was given for the other two judgments. We now note that there was nothing in the record before this court in the previous appeal concerning the payment of the two judgments other than the Sidner judgment. The only mention of them is in the allegations in the motion for rehearing, and nothing concerning them was incorporated in the suggestions in support of the motion.

After the mandate in the previous appeal was handed down, Maryland Casualty filed a motion in the Circuit Court of Jefferson County to modify "the judgment entered pursuant to [the] mandate of the Supreme Court," on the basis that the judgment for $105,292.72 and the other judgments paid by Maryland Casualty result in it being liable for more than the penalty provision of its bond. Maryland Casualty deposited $100,351.24 with the clerk of the circuit court, and the relief sought by its motion to modify was that it receive credit for the two judgments totaling $4,939.08. This appeal is from the judgment of the trial court in refusing to modify its judgment as requested.

The existence of the two judgments, and that they have been paid by Maryland Casualty is admitted by the water district, or at least their existence and the fact they have been paid are not denied.

The result of the wording of the opinion in the previous appeal, and the payment pending that appeal of the two additional judgments, is that Maryland Casualty is being held liable on its bond for $4,939.08 more than the maximum amount stated therein.

Therefore, the final paragraph of the opinion in the previous appeal is hereby modified to read as follows: "Accordingly, the judgment of the trial court is reversed and the cause remanded with directions to enter a judgment in favor of the water district and against the surety for the full amount of the bond less the sum of all judgments paid by the surety to persons or companies for work or materials furnished to the contractor for use on the project covered by the performance bond."

It is so ordered.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

All of the Judges concur.